Finch, J.
The substantial question argued in this case respects, the construction of one sentence in the written contract between the parties. The work which the plaintiff contracted to do was a certain amount of excavation and mason work necessary for the construction of five houses. In the plaintiff’s proposition he said, “I also agree to do all the mason work below'the first tier of beams,” and added, “ This estimate includes all brickwork below the first tier of beams, except the piers under the girder.” The plaintiff did the stipulated work, but did not furnish the brick, and called upon defendant for them, who supplied them, and now seeks to charge their value against plaintiff's claim, on the ground that the contract required him to furnish them. Evidence was given, under objection, to show what the parties themselves meant and understood by the disputed language, and also what it meant in the usage of the trade ; the defendant insisting that such proof was inadmissible, because the written contract required plaintiff to furnish the brick, and, needing no explanation, could not be contradicted ; while the 'plaintiff insists that the writing requiring him to do the brickwork did not include the furnishing of the material, and at all events was sufficiently ambiguous to justify a parol explanation. An agreement to “ do ” an amount of “ brickwork ” may mean simply to perform the work of laying the brick, or, in addition, to furnish the brick as well as lay them. A recurrence to another portion of the contract throws some light upon the interpretation. The plaintiff, in agreeing to do the stonework, describes it as “masonwork,” but adds “and furnish all the building *478 stone for same." He evidently understood that mason work meant only the labor, unless coupled with an agreement to furnish the materials ; and, since no such agreement accompanied the proposition to do the brickwork, it is a natural supposition that only the labor was intended. Plaintiff called upon defendant for cement, which the latter furnished, and concedes he was to furnish, and in exactly the same manner he was called upon to furnish and did furnish, the brick, making no objection and expressing no surprise; and in making payments he seriously overpaid the plaintiff if the latter was to be charged with the brick. The plaintiff’s construction is, therefore, both the possible and reasonable one, and at all events shows that the contract language, if not conclusive in plaintiff's favor, was at least ambiguous and open to explanation. The plaintiff testified that the bargain, as made, and which was meant to be repeated in the contract, was for work alone, while the defendant swears that it explicity included the brick. I think the parol evidence was competent, and that the writing did not conclusively put upon plaintiff the burden of supplying the brick. Ho other question in the case needs comment.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed.